IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| THE ESTATE OF PATRICK MICHAEL WISE, ED WISE, LAURA RAMSEY AS NEXT FRIEND OF A.B.W, A MINOR, LAURA RAMSEY AS NEXT FRIEND OF K.C.W, A MINOR, LAURA RAMSEY AS NEXT FRIEND OF C.L.W., A MINOR, MELANIE GOODSEN AS NEXT FRIEND OF C.P.W., A MINOR, MELANIE GOODSEN AS NEXT FRIEND OF M.E.W., A MINOR, EMELIE JACKSON AS NEXT FRIEND OF C.T.D.J., A MINOR, AND MADILYNN STAR WISE,<br><br>     Plaintiff,<br><br>   v.<br><br>CITY OF GLADEWATER, TEXAS, AND OFFICER ROBERT CARLSEN,<br><br>     Defendants. | Case No. 2:17-cv-788<br><br>**JURY DEMANDED** |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW The Estate of Patrick Michael Wise, Ed Wise, Laura Ramsey As Next Friend of A.B.W, a Minor, Laura Ramsey As Next Friend of K.C.W, a Minor, Laura Ramsey As Next Friend of C.L.W., a Minor, Melanie Goodsen As Next Friend of C.P.W., a Minor, Melanie Goodsen As Next Friend of M.E.W., a Minor, Emelie Jackson As Next Friend of C.T.D.J., a Minor, and Madilynn Star Wise, "Plaintiffs" herein, complaining of the City of Gladewater, Texas and Officer Robert Carlsen, "Defendants" herein, and for cause of action will respectfully show the Court the following:

**I.     BACKGROUND**

1.     This case concerns the November 5, 2016, killing of an unarmed individual, Patrick Michael Wise, by City of Gladewater Police Officer Robert Carlsen.

2.     Plaintiffs are the estate and heirs of Patrick Michael Wise.

3.     Plaintiff's claims are asserted pursuant to 42 U.S.C. sec. 1983 and State law within the Court's supplemental jurisdiction.

**II.    PARTIES**

4.     Plaintiff Estate of Patrick Michael Wise was established in Gregg County, Texas, with Ed Wise as its Independent Trustee.

5.     Patrick Michael Wise is the deceased.

6.     Ed Wise is a resident of Gregg County, Texas, and is the father of Patrick Michel Wise.

7.     Laura Ramsey is the mother and next friend of A.B.W., a minor child of Patrick Michael Wise.  Ms. Ramsey and A.B.W. are residents of Upshur County, Texas.

8.     Laura Ramsey is the mother and next friend of K.C.W., a minor child of Patrick Michael Wise.  Ms. Ramsey and K.C.W. are residents of Upshur County, Texas.

9.     Laura Ramsey is the mother and next friend of C.L.W., a minor child of Patrick Michael Wise.  Ms. Ramsey and C.L.W. are residents of Upshur County, Texas.

10.    Melanie Goodsen is the mother and next friend of C.P.W., a minor child of Patrick Michael Wise.  Ms. Goodsen and C.P.W. are residents of Upshur County, Texas.

11.    Melanie Goodsen is the mother and next friend of M.E.W., a minor child of Patrick Michael Wise.  Ms. Goodsen and M.E.W. are residents of Upshur County, Texas.

12.    Emelie Jackson is the mother and next friend of C.T.D.J., a minor child of Patrick Michael Wise.  Ms. Jackson and C.T.D.J., are residents of Smith County, Texas.

13. Madilynn Star Wise is an adult child of Patrick Michael Wise. Ms. Wise is a resident of Houston County, Texas.

14. Defendant Gladewater, Texas, is a municipality formed under the laws of the State of Texas and is in Greg, Smith, and Upshur Counties, Texas.

15. Defendant Robert Carlsen is a resident of Smith County, Texas. Defendant Carlsen is also a police officer employed by the Gladewater Police Department, which is located within Gregg and Upshur Counties, Texas.

## III. JURISDICTION AND VENUE

16. The Court has original jurisdiction over this action pursuant to 28 U.S.C. secs. 1331 and 1343 since Plaintiffs are suing for relief under 42 U.S.C. sec. 1983. Any State law claims are brought pursuant to 28 U.S.C. sec. 1367 and are subject to this Court's supplemental jurisdiction.

17. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. sec. 1391 because all parties are domiciled and/or reside in the Eastern District of Texas, and all or a substantial part of the cause of action accrued within the Eastern District of Texas.

18. Venue is also proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. sec. 1391 and 28 U.S.C. sec. 124(c)(4).

## IV. FACTS AND ALLEGATIONS

19. On November 5, 2016, at approximately 12:45 a.m., Patrick Michael Wise was driving westbound with Emelie Jackson on Highway 80 in Gladewater, Texas, in a pickup truck owned by Ms. Jackson's uncle.

20. A vehicle approached from behind Patrick Michael Wise's vehicle that was so close, Patrick Michael Wise and Ms. Jackson could not see the headlights; the vehicle was intimidatingly close.

21. Patrick Michael Wise commented to Emelie Jackson that it was the police; she

responded that there was no reason for the police to pull them over because Patrick Michael Wise was not violating any traffic laws and the pickup was legal in every way.

22. The police vehicle behind them activated overhead lights; Patrick Michael Wise and Ms. Jackson saw another police vehicle pulled to the side of Highway 80 ahead of them, near East Lake Drive. Patrick Michael Wise turned on his turn signal to show officers that he was pulling over and also waved his hand out the window to further signal, "Okay, I am stopping."

23. Patrick Michael Wise pulled over without incident.

24. Defendant Carlsen approached Patrick Michael Wise pickup on the driver side.

25. Patrick Michael Wise recognized Defendant Carlsen; he drove away.

26. Defendant Carlsen chased the vehicle.

27. Patrick Michael Wise stopped the vehicle, told Ms. Jackson to stay, and ran away.

28. Defendant Carlsen ran up to the vehicle, yelling and waving his pistol such that Ms. Jackson thought he was going to shoot her.

29. Defendant Carlsen then went back to his car.

30. Defendant Carlsen then gave chase on foot and shot his taser at Patrick Michael Wise, missing.

31. Defendant Carlsen then physically attacked Patrick Michael Wise, and a struggle ensued.

32. Defendant Carlsen claims Patrick Michael Wise took his gun.

33. Patrick Michael Wise returned Defendant Carlsen's weapon when Defendant Carlsen promised he would not shoot him.

34. Defendant Carlsen then discharged his pistol seven times, paused, and discharged it four more times, killing Patrick Michael Wise.

35. Patrick Michael Wise was unarmed.

36. Patrick Michael Wise was afraid of Defendant Carlsen prior to this incident.

37. Defendant Carlsen was on probation at the time of the incident due to his prior misconduct and was supposed to, but did not, ride with another officer.

38. Prior to being hired by the City of Gladewater, Defendant Carlsen was known to participate in excessive and aggressive tactics in his former employment with the Shelby County District Attorney's Office and the Shelby County Sheriff's Department.  He had a reputation for aggressive behavior.

39. Defendant City of Glaewater hired Defendant Carlsen despite his history.

40. Defendant City of Gladewater failed to provide adequate training to Defendant Carlsen in the use of deadly force.

41. Defendant City of Gladewater failed to provide Defendant Carlsen adequate training on appropriate methods and techniques to control situations similar to the one on November 5, 2016.

42. Defendant City of Gladewater knew or should have known that the training provided to Defendant Carlsen was inadequate or non-existent.

43. Patrick Michael Wise posed no threat to Defendant Carlsen nor anyone else once Patrick Michael Wise returned the weapon.

44. The firing of a pistol inherently assumes that the use of force will cause death or serious bodily injury to the suspect and is to be done in narrow circumstances.

45. Defendant Carlsen not only shot the Decedent; he shot the unarmed Patrick Michael Wise <u>eleven</u> times.

46. On information and belief, Defendant Carlsen used fragmentary ammunition,

designed to inflict maximum, irreparable harm.

47. Defendant Carlsen's unlawful and unwarranted acts, lack of training, and the official customs or policies of the Gladewater Police Department, caused Patrick Michael Wise death.

48. Defendant Carlsen was, at all times relevant hereto, acting under color of State law and within the scope of his employment and authority of the Gladewater Police Department.

49. At the time of the shooting, Patrick Michael Wise did not pose any risk of death or bodily harm to Defendant Carlsen or any other person.

50. Defendant Gladewater, Texas, had actual notice of the particulars of Patrick Michael Wise's death at or near the time of his death.

## V. EXCESSIVE USE OF FORCE – DEFENDANT CARLSEN

51. Plaintiffs repeat and re-allege each and every allegation contained in the previous paragraphs as if fully repeated herein.

52. Acting under the color of law and within the course and scope of his employment, Defendant Carlsen has deprived Patrick Michael Wise of the rights and privileges secured to him by the Fourth Amendment to the United States Constitution and by other laws of the United States to be free from unreasonable seizures, including the use of excessive force.

53. The right to be free from excessive force at the hands of law enforcement officers was well established at the time of this incident. At all times relevant hereto, Defendant Carlsen had a duty to avoid infliction of unjustified bodily injury to Patrick Michael Wise.

54. Defendant Carlsen failed to act as a reasonable officer would have acted in the same or similar circumstances and, instead, acted with deliberate indifference and conscious disregard for the rights of Patrick Michael Wise.

55. At the time of the shooting, Defendant Carlsen was not provoked, and the deadly

force used against Patrick Michael Wise was neither reasonably justified nor necessary under the circumstances.

56. As a professional police officer, Defendant Carlsen should have known that the force that he used—eleven shots, killing Patrick Michael Wise —was excessive.

57. No reasonable police officer would have believed it necessary to use the degree of force that was implemented against the Deceased.

58. As a result of the Constitutional violations detailed above, Plaintiffs seek compensation as set forth more specifically below.

## VI. CITY OF GLADEWATER, TEXAS – MUNICIPAL LIABILITY

59. Plaintiffs repeat and re-allege each and every allegation contained in the previous paragraphs as if fully repeated herein.

60. On information and belief, Defendant City of Gladewater maintained a policy, custom, or practice of deficient training for its police force in the use of force, including the proper use of deadly force and dealing with suspects.

61. The City's failure to provide adequate training to its officers on how to deal with circumstances such as the one in this case reflects deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens, and resulted in the violations of Patrick Michael Wise's constitutional rights, including his death.

62. Gladewater, Texas has ratified prior instances of misconduct by Defendant Carlsen, and this incident, and either failed to discover or ignored those from Defendant Carlsen's prior employment prior to hiring him.

63. Gladewater, Texas failed to adequately supervise Defendant Carlsen.

64. Gladewater, Texas retained Defendant Carlsen, and failed to discipline or further

train him after the incident.

65. Further, Defendant Gladewater, Texas, actions and inactions amount to a persistent, widespread practice by governmental agency officials or employees which, although not officially promulgated or adopted, is so common and well settled as to constitute a policy or custom that fairly represents the Department's policy, which resulted in Patrick Michael Wise's death.

66. Defendant Gladewater, Texas's failure to adequately screen for hiring, train, supervise, or disciplline its employees in relevant respects reflects a deliberate indifference to the rights of citizens and constitutes a custom or policy which resulted in Patrick Michael Wise's injuries.

## VII. WFONGFUL DEATH

67. Plaintiffs repeat and re-allege each and every allegation contained in the previous paragraphs as if fully repeated herein.

68. The individual Plaintiffs, Ed Wise, Laura Ramsey As Next Friend of A.B.W, a Minor, Laura Ramsey As Next Friend of K.C.W, a Minor, Laura Ramsey As Next Friend of C.L.W., a Minor, Melanie Goodsen As Next Friend of C.P.W., a Minor, Melanie Goodsen As Next Friend of M.E.W., a Minor, Emelie Jackson As Next Friend of C.T.D.J., a Minor, and Madilynn Star Wise, claim damages resulting from the death of Patrick Michael Wise pursuant to TEX. CIV. PRAC. & REM. CODE sec. 71.001, *et seq*.

69. Plaintiff Ed Wise is the surviving father.

70. Plaintiffs Laura Ramsey As Next Friend of A.B.W, a Minor, Laura Ramsey As Next Friend of K.C.W, a Minor, Laura Ramsey As Next Friend of C.L.W., a Minor, Melanie Goodsen As Next Friend of C.P.W., a Minor, Melanie Goodsen As Next Friend of M.E.W., a Minor, Emelie Jackson As Next Friend of C.T.D.J., a Minor, and Madilynn Star Wise are surviving children of Patrick Michael Wise.

71. Patrick Michael Wise provided love, care, affection, nurture, advice, counsel, guidance, and pecuniary support to each of the Plaintiffs, all of which he would have continued to provide in the future.

72. Plaintiffs suffered damages separated and apart from those Patrick Michael Wise suffered before he died. Defendants' acts and/or omissions proximately caused Plaintiffs damages which include, but are not limited to:

   a. Mental anguish and grief in the past and future;
   b. Loss of companionship;
   c. Pecuniary loss in the past and future;
   d. Loss of inheritance;
   e. Attorney fees;
   f. Termination of the parent-child relationship; and
   g. Exemplary damages.

73. Additionally, Defendants are also liable to the heirs of Patrick Michael Wise pursuant TEX. CIV. PRAC. & REM. CODE secs. 71.021(a)-( c).

74. Before he died, the causes of action stated in this pleading accrued to Patrick Michael Wise. He could have asserted those claims against Defendants had he lived.

75. As a direct and proximate result of Defendants' acts and/or omissions as stated herein, Patrick Michael Wise suffered fatal injuries which resulted in damages that these heirs are entitled to collect on his behalf. Therefore, the heirs are entitled to collect compensation for damages.

76. Patrick Michael Wise suffered excruciating and debilitating pain and agony until succumbing to his injuries.

77. Therefore, his heirs seek recovery for conscious physical pain and suffering occurring in the past; and damages for mental anguish occurring in the past.

78. Patrick Michael Wise was buried. Therefore, his heirs, are entitled to compensation for damages in an amount equal to his funeral and burial expenses.

## II.   DAMAGES

79. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs as if fully repeated herein.

80. Plaintiffs seek compensation for,

   a. Compensatory damages for violations of Patrick Michael Wise's Constitutional rights;

   b. Physical pain and suffering;

   c. Mental anguish and grief in the past and future;

   d. Loss of companionship;

   e. Pecuniary loss in the past and future;

   f. Loss of inheritance;

   g. Attorney fees;

   h. Burial expenses;

   i. Termination of the parent-child relationship; and

   j. Exemplary damages

81. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiffs seek to recover exemplary damages, reasonable attorney's fees and costs of court.

## VIII.   JURY REQUEST

82. Plaintiffs respectfully request a jury trial.

## IX. PRAYER

83. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that judgment be rendered against Defendants and damages awarded to Plaintiffs. Plaintiffs further pray for all other relief, both legal and equitable, to which he may show themselves justly entitled.

DATED: Tuesday, December 26, 2017      Respectfully submitted,

*/s/ L. Charles van Cleef*
L. Charles van Cleef
State Bar No. 00786305 (TX)
Van Cleef Law Office
PO Box 2432
Longview, Texas 75606-2432
(903) 248-8244
(903) 248-8249 Facsimile
charles@vancleef.pro

**ATTORNEY FOR PLAINTIFFS**